IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kemberly Ann Gallagher, | ) | Case No.: 05-02738-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | | |
| Kemberly Ann Gallagher, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 06-00178 |
| | ) | |
| Alabama Telco Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion on
Defendant's <u>Motion to Dismiss</u>**

The matter before the Court is the defendant's <u>Motion to Dismiss</u> filed on October 20, 2006, Docket No. 4.

After notice, a status conference was held on March 4, 2009. Appearing were: A. Wilson Webb for the plaintiff-debtor and Michael Harrison for the defendant.

The parties agreed that the Court could rule on the matter based on the pleadings and arguments.

**I. Issues**

The threshold issue is whether the debtor's complaint under the Truth in Lending Act (TILA) was barred by the applicable statute of limitations.

Under TILA, with one exception, to avoid dismissal for failure to meet the applicable statute of limitations, a debtor must bring an "affirmative" action under TILA, "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The exception is, a debtor is not barred:

> from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Id.

As discussed in this Court's February 6, 2009, Order, these issues were considered by the court in In re Sallings, 357 B.R. 646 (Bankr. N.D. Ala. 2007) and on appeal by the court in In re Sallings, Case No. CIV A 07-G-0503-NE, 2008 WL 4831636 (N.D. Ala. Oct 08, 2008). In that order the Court summarized Sallings. That summary is included below.

## II. Summary of Sallings

The facts in Sallings are very similar to those in the pending proceeding. The bankruptcy court in Sallings recited them as follows:

> **On October 16, 2004, the debtor executed a Retail Installment Sale Contract for the purchase of a 2004 Pontiac Grand Prix GT2 from Bentley Pontiac-Cadillac, Inc. ("Bentley Pontiac").** At the same time that she bought the car, the debtor purchased Guaranteed Automobile Protection ("GAP") insurance for an additional $255.00. Bentley Pontiac assigned the loan to GMAC simultaneously with the contract's execution.
>
> **On June 27, 2006, the debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code**. The debtor listed GMAC as a creditor in her petition. **On July 6, 2006, GMAC filed a proof of claim in the amount of $14,799.73.** On August 31, 2006, the debtor filed amended schedules and an amended Chapter 13 plan to reflect the debtor's potential lawsuit against GMAC. In Schedule B. Personal Property, the debtor disclosed her potential lawsuit against GMAC as a contingent and unliquidated claim. In Schedule C. Property Claimed as Exempt, the debtor scheduled the potential lawsuit as exempt and listed the value of the claimed exemption as $0.00. The debtor's amended plan provided that any "non exempt proceeds from the potential lawsuit shall be paid over to the Chapter 13 Trustee for distribution to creditors."
>
> **On September 5, 2006, the Court entered an order confirming the debtor's Chapter 13 plan.** The confirmation order provides for the payment of GMAC's claim by monthly installments of $363.00 for 48 months or until the claim is paid in full. The order further provides for any nonexempt proceeds from the lawsuit to be paid to the debtor's Chapter 13 trustee for distribution to creditors.
>
> **On October 4, 2006, the debtor filed this action alleging that GMAC failed to make the proper disclosures regarding the debtor's GAP insurance policy as required under TILA. Debtor demands judgment against GMAC for statutory damages of twice the actual finance

2

> **charge, capped at $1,000.00, and for compensatory damages of $255.00, plus interest at the contract rate, and costs and attorneys fees.**

Id. at 647 (emphasis added).

Based on the facts and its review of the law, the bankruptcy Court held:

> the Court finds that the debtor's claim is not "directed at or an answer to the underlying debt." The claim is not asserted defensively as recoupment, as a counterclaim, or as an objection to GMAC's proof of claim. The debtor is not asserting her claim for statutory and compensatory damages in response to GMAC's proof of claim, but as an affirmative independent cause of action on a time-barred truth in lending claim.

Id. at 650. The district court affirmed. Id.

### III. Findings of Fact

The debtor entered into a vehicle loan contract, which is the subject of the pending proceeding, on June 19, 2003. Exhibit A to Motion to Dismiss, Docket No. 4.

The first installment on that loan was due on July 19, 2003. The debtor filed her Chapter 13 petition on March 18, 2005. Her proposed Chapter 13 plan was confirmed on June 1, 2005. The defendant Alabama Telco Credit Union filed Claim No. 12 in this case on July 14, 2005. The debtor filed the pending adversary proceeding on October 2, 2006. The main case was converted to Chapter 7 on May 6, 2008.

The debtor's prayer for relief reads:

> WHEREFORE, PREMISES CONSIDERED, Gallagher demand judgment for compensatory and statutory damages pursuant to 15 U.S.C. § 1640(a) of twice the actual finance charge, capped at $1,000.00, for compensatory damages of $275.00 plus interest at the contract rate, and costs and attorneys fees.

Adversary Complaint at 3, A.P. No. 06-00178. Docket No. 1.

### IV. Contentions

#### A. The Debtor

The debtor contends first that Sallings does not apply because when both the bankruptcy court and the district court relied on the Court of Appeals for the Eleventh

3

Circuit opinion in Smith v. Am.Fin.Syss., Inc. (In re Smith), 737 F.2d 1549 (11th Cir. 1984), neither court considered the underlying facts in Smith, and if either had, it would have determined that Smith was not applicable. The debtors also argue that Smith, and the case on which it relied, Bull v. United States, 295 U.S. 247 (1935) are no longer good law. The debtors would rather have this Court rely on Coxson v. Commonwealth Mortgage Co. (In re Coxson), 43 F.3d 189 (5th Cir.1995) rather than Sallings, and the cases it cites.

In addition, the debtor contends that even if Sallings applies, that the exception quoted above applies. The debtor contends that the complaint brought more than one year from the date of the occurrence of the violation was in the nature of a defense by recoupment, set-off, or counterclaim and as such, the one-year statute of limitations does not apply.

### B. The Defendant

The defendant argues that the complaint should be dismissed because it was filed outside of the one-year statute of limitations, and the exception does not apply.[1]

### V. Conclusions of Law

### A. The Complaint is Time-barred

Based on the facts in this proceeding and the discussions and holdings in the two Sallings opinions, the Court finds that the complaint in this proceeding is, like the one in Sallings, an affirmative attempt to recover damages. The action is not defensive. The action is not for recoupment or set-off and is not a counterclaim.[2] Because the action was filed outside of the one-year statute of limitations, it is barred. The exception quoted above does not apply.

---

[1] The defendant also seeks attorney fees for defending this action. The parties' contract allows the defendant collection costs in the event of default. As far as the Court can determine, the contract does not provide for attorney fees in the pending situation. But even if it does, without more information, this Court cannot determine that the "American rule," that is, each party bears its own attorneys' fees, does not apply. See Johnson v. Florida, 348 F.3d 1334 (11th Cir. 2003). Therefore, the request for fees is due to be denied.

[2] See In re Johnson, Case No. 08-40071, 2008 WL 5120114 (Bankr. N.D. Ala. Dec. 03, 2008); See also Williams v. Countrywide Home Loans, Inc., 504 F.Supp.2d 176 (S.D. Tex. 2007) for an excellent discussion of recoupment. That court discusses Bull v. U.S., 295 U.S. 247, 262 (1935); In re Smith, 737 F.2d 1549 (11th Cir.1984); Matter of Coxson, 43 F.3d 189 (5th Cir.1995); and In re Sallings, 357 B.R. 646 (Bankr. N.D. Ala.2007).

## B. The Complaint is due to be Dismissed

The defendant asks that the complaint be dismissed for failure to state a claim under Rule 12(b)(6). In regard to such motions, this Court is governed by the standards recognized in the per curiam opinion of the Court of Appeals for the Eleventh Circuit in Grossman v. Nationsbank, N.A., 225 F.3d 1228 (11th Cir.2000). That opinion reads in part:

> We review de novo a district court's order dismissing a complaint for failure to state a claim upon which relief could be granted. See Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir.1997) (citation omitted). When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez, 129 F.3d at 1189 (internal quotations and citation omitted.)

Id. at 1231-32.

Because the pending complaint is barred by the statute of limitations, and the only exception possible does not apply, this Court finds that the plaintiff cannot prove any set of facts that would entitle her to relief.

A separate order will be entered in conformity with this memorandum opinion.

Dated: June 18, 2009                    /s/Benjamin Cohen
                                        BENJAMIN COHEN
                                        United States Bankruptcy Judge

BC:pb

5

Case 06-00178-BGC   Doc 19   Filed 06/18/09   Entered 06/18/09 10:13:13   Desc Main
Document      Page 5 of 5